IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY ROBERT MARTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 21-5-J |
| ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

AND NOW, this 17th day of February, 2022, upon consideration of Defendant's Motion for Summary Judgment (Doc. No. 14) filed in the above-captioned matter on July 21, 2021,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No. 12) filed in the above-captioned matter on June 10, 2021,

IT IS HEREBY ORDERED that said Motion is GRANTED. Accordingly, this matter is hereby remanded to the Commissioner of Social Security ("Commissioner") for further evaluation under sentence four of 42 U.S.C. § 405(g) in light of this Order.

**I.     Background**

Plaintiff Gary Robert Martin protectively filed a claim for Disability Insurance Benefits under Title II of the Social Security Act (the "Act"), 42 U.S.C. §§ 401-434, effective March 15, 2019, claiming that he became disabled on June 26, 2018, due to stage 3 sigmoid colon/rectal cancer, chronic diarrhea and defecation, bowel movement pains, migraine headaches, hearing loss, tinnitus, and a less than ten pound stoma reversal. (R. 12, 172-73, 191). After being denied initially on June 5, 2019 and upon reconsideration on September 4, 2019, Plaintiff sought, and

obtained, a hearing before an Administrative Law Judge ("ALJ") on February 13, 2020.  (R. 12, 100-03, 108-110, 111-12, 29-69).  In a decision dated April 24, 2020, the ALJ denied Plaintiff's request for benefits.  (R. 12-22).  The Appeals Council declined to review the ALJ's decision on November 19, 2020.  (R. 1-5).  Plaintiff filed a timely appeal with this Court, and the parties have filed cross-motions for summary judgment.

**II.     Standard of Review**

Judicial review of a social security case is based upon the pleadings and the transcript of the record, and the scope of that review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact.  *See* 42 U.S.C. § 405(g); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001) (noting that "'[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive'" (quoting § 405(g)); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999) (stating that the court has plenary review of all legal issues, and reviews the ALJ's findings of fact to determine whether they are supported by substantial evidence).  If the district court finds this to be so, it must uphold the Commissioner's final decision.  *See Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005).  The Court may not set aside a decision that is supported by substantial evidence "even if [it] would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citing § 405(g)); *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986)).

"Substantial evidence" is defined as "more than a mere scintilla." *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999) (quoting *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995)).  It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*; *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).  However, a "'single piece

of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (quoting *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983)). "'Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians) – or if it really constitutes not evidence but mere conclusion.'" *Id.* So as to facilitate the district court's review, an ALJ's findings must "be accompanied by a clear and satisfactory explication of the basis on which [they] rest[]." *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981). Decisions that are conclusory in their findings or indicate the ALJ's failure to consider all the evidence are not supported by substantial evidence. *See id.* at 705-06. Moreover, the Court must ensure the ALJ did not "reject evidence for no reason or for the wrong reason." *Id.* at 706 (citing *King v. Califano*, 615 F.2d 1018 (4th Cir. 1980)).

A disability is established when the claimant can demonstrate some medically determinable basis for an impairment that prevents him or her from engaging in any substantial gainful activity for a statutory twelve-month period. *See Fargnoli v. Massanari*, 247 F.3d 34, 38-39 (3d Cir. 2001). "A claimant is considered unable to engage in any substantial gainful activity 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .'" *Id.* at 39 (quoting 42 U.S.C. § 423(d)(2)(A)).

The Social Security Administration has promulgated regulations incorporating a five-step sequential evaluation process in guiding ALJs in determining whether a claimant is under a disability as defined by the Act. *See* 20 C.F.R. § 404.1520. At Step One, the ALJ must determine whether the claimant is currently engaging in substantial gainful activity. *See* 20

C.F.R. § 404.1520(a)(4)(i). If so, the disability claim will be denied. *See Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If not, the second step of the process is to determine whether the claimant is suffering from a severe impairment. *See* 20 C.F.R. § 404.1520(a)(4)(ii). "An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1522. If the claimant fails to show that his or her impairments are "severe," he or she is ineligible for disability benefits. If the claimant does have a severe impairment, however, the ALJ must proceed to Step Three and determine whether the claimant's impairment meets or equals the criteria for a listed impairment. *See* 20 C.F.R. § 404.1520(a)(4)(iii). If a claimant meets a listing, a finding of disability is automatically directed. If the claimant does not meet a listing, the analysis proceeds to Steps Four and Five.

In considering these steps, the ALJ must formulate the claimant's residual functional capacity ("RFC"). A claimant's RFC is defined as the most that an individual is still able to do despite the limitations caused by his or her impairments. *See Fargnoli*, 247 F.3d at 40; 20 C.F.R. § 404.1545(a). At Step Four, it is the claimant's burden of demonstrating an inability to perform his or her past relevant work. *See Adorno v. Shalala*, 40 F.3d 43, 46 (3d Cir. 1994). If the ALJ determines that the claimant lacks the RFC to resume his or her former occupation, the evaluation then moves to the fifth and final step. *See* 20 C.F.R. § 404.1520(a)(4)(iv).

At this stage, the burden of production shifts to the Commissioner, who must demonstrate that the claimant is capable of performing other available work in the national economy in order to deny a claim of disability. *See* 20 C.F.R. § 404.1520(a)(4)(v). In making this determination, the ALJ must consider the claimant's RFC, age, education, and past work experience. *See id.* The ALJ must further analyze the cumulative effect of all the claimant's impairments in

determining whether he or she is capable of performing work and is not disabled. *See* 20 C.F.R. § 404.1523.

## III.   The ALJ's Decision

In her April 24, 2020 decision, the ALJ found that Plaintiff met the insured requirements of the Act through September 30, 2023. (R. 14). The ALJ then proceeded to apply the sequential evaluation process when reviewing Plaintiff's claim for benefits. In particular, the ALJ found that Plaintiff had not been engaged in substantial gainful activity since the alleged onset date of June 26, 2018. (*Id.*). The ALJ also found that Plaintiff met the second requirement of the process insofar as he had the severe impairments of history of colon cancer with rectal spasms and a history of hearing loss. (*Id.*). The ALJ found that Plaintiff's other numerous alleged limitations did not qualify as severe impairments. (R. 14-15). The ALJ concluded that Plaintiff's impairments did not meet any of the listings that would satisfy Step Three. (R. 16-17).

The ALJ found that Plaintiff retained the RFC to perform light work, but with the following non-exertional limitations:

> [H]e can frequently balance; he can never climb ladders, ropes, or scaffolds; he must avoid all exposure to hazards including moving machinery and unprotected heights; and he can perform work in a moderate or quieter environment.

(R. 17-21). Significantly, in so finding, she found that Plaintiff's testimony regarding the frequency, duration, and intensity of the effects of his rectal spasms, including that he had diarrhea more than 20 times per day, was not supported by the medical evidence. (R. 19). The ALJ used a vocational expert ("VE") at Step Four of the process, asking her two alternative hypothetical questions to determine whether Plaintiff was capable of performing his past relevant work. (R. 21). In response to the question setting forth the limitations ultimately included in the

RFC, the VE testified that Plaintiff could perform his past relevant work as a legislative assistant, agency director, and salesperson (general merchandise). (R. 65-66). However, in response to a follow-up question as to whether Plaintiff could perform this work if he required six unscheduled breaks of 30 minutes per day, the VE stated that Plaintiff could not perform such work. (R. 66-67). Relying on the VE's answer to the first hypothetical, which was consistent with the formulated RFC, the ALJ found that Plaintiff could perform his past relevant work and that he, therefore, was not disabled. (R. 21-22).

**IV.**     **Legal Analysis**

Plaintiff's primary contention is that the ALJ failed to account for the most limiting effect of his severe impairment of rectal spasms – his frequent need to use the bathroom – in determining his RFC. He argues that the record does not support her finding that he does not require bathroom breaks and/or access to the extent that he testified, let alone a finding that he has no such limitations at all. Because the Court agrees that the ALJ gave an insufficient basis for her finding that Plaintiff has no bathroom-related restrictions related to his rectal spasms, it will remand for further consideration and discussion.

Plaintiff testified at the hearing that, subsequent to his treatment for colon cancer, he began to experience approximately 20 bowel movements involving diarrhea each day because of his rectal spasms. He also testified that he left his job in 2018 because he was spending up to 8 hours per day in the bathroom. (R. 42, 47-48). The record likewise contains evidence that Plaintiff made similar complaints regarding bowel problems to his medical care providers in 2018 and continuing through 2019. (R. 322, 324-25, 326, 334, 368, 381, 393, 437). The ALJ addressed Plaintiff's contention but found that it was not supported by the medical evidence, noting what she described as Plaintiff's sporadic treatment, the temporary nature of the

condition, and the successful treatment of the problem with medication.[1]  (R. 19).  She ultimately including *no* language in the RFC regarding any need for multiple daily bathroom breaks of any length, nor did she require any specific proximity to a bathroom.  While the Court believes that the ALJ may have adequately explained why she did not include limitations to the extent claimed by Plaintiff, she failed to adequately justify including no such limitations in the RFC.

As noted above, RFC is defined as the most that an individual is still able to do despite the limitations caused by his or her impairments.  *See Fargnoli*, 247 F.3d at 40.  *See also* 20 C.F.R. § 404.1545(a)(1).  Not only must an ALJ consider all relevant evidence in determining an individual's RFC, the RFC finding "must 'be accompanied by a clear and satisfactory explication of the basis on which it rests.'" *Fargnoli*, 247 F.3d at 41 (quoting *Cotter*, 642 F.2d at 704). "'[A]n examiner's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision.'" *Id.* (quoting *Cotter*, 642 F.2d at 705).  *See also* SSR 96-8p, 1996 WL 374184 (S.S.A.), at *7 ("The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations).").  Vocational testimony based on an inadequate RFC cannot be considered as substantial evidence supporting an ALJ's disability determination. *See Zirnsak v. Colvin*, 777 F.3d 607, 614 (3d Cir. 2014).

Here, the ALJ discussed why she found that the record did not support Plaintiff's claims regarding the frequency, duration, and intensity of his bowel-related symptoms, but provided no explanation for why she ultimately went to the other extreme and found, in essence, that Plaintiff

---

[1]  The ALJ also relied on the fact that Plaintiff had gained weight in December of 2019 (R. 440), but pointed to no medical evidence that would establish that his weight gain should be considered as evidence that he does not suffer from frequent diarrhea and/or bowel movements.

had no need for unscheduled restroom trips or proximity to a bathroom. Setting aside whether the record supports the entirety of Plaintiff's claims regarding his condition, it certainly contains evidence of symptoms related to his rectal spasms, including constant bouts of diarrhea and frequent bowel movements. While the ALJ characterized Plaintiff's treatment for these symptoms as sporadic, the record actually shows that Plaintiff raised concerns to his medical care providers about his bowel-related issues and/or rectal spasms almost on a monthly basis beginning in February of 2019. (R. 322, 326, 334, 368, 393, 437). Further, while the ALJ states that Plaintiff's condition was successfully treated with medication, the record actually shows that the medication caused significant complications and that Plaintiff's bowel-related issues continued even after he started taking Imodium. (R. 63, 368-69, 381). One of Plaintiff's treating physicians, Travis Rearick, M.D., opined that Plaintiff's "constant, debilitating rectal spastic pain" precluded him from sitting through a typical workday. (R. 470).

       The Court is not suggesting that this evidence necessarily supports Plaintiff's claims of needing 20 bathroom breaks per day, but it is not apparent how this record supports including ***no restrictions*** in Plaintiff's RFC regarding the number and duration of restroom breaks he may need. While the ALJ's clearly purported to discuss the reasons why she did not include bathroom restrictions to the extent alleged by Plaintiff in the RFC, she did not really establish why the record supported no such restrictions at all. The VE testified that six unscheduled breaks of 30 minutes per day would preclude Plaintiff from performing his past work. (R. 66-67). Perhaps fewer breaks of shorter duration would not, but that analysis requires a more precise hypothetical question and testimony from the VE.

       By no means is the Court stating that the ALJ was required to simply accept Plaintiff's testimony as to the frequency, duration, and intensity of the bowel-related symptoms related to

his rectal spasms, and the Court expresses no opinion as to what the appropriate findings regarding the frequency and duration of Plaintiff's restroom breaks should be. However, the record contains sufficient evidence relating to this issue to require a more focused and thorough analysis. It is this need for additional explanation by the ALJ that necessitates a remand in this case.[2] Moreover, although the Court does not reach the other issue raised by Plaintiff, the ALJ should be cognizant of this issue on remand and ensure that proper consideration is given to Plaintiff's substantial employment history in evaluating his claims.

### V.   Conclusion

In short, the record does not permit the Court to find that the findings of the ALJ regarding Plaintiff's RFC and the hypothetical question to the VE are supported by substantial evidence. Accordingly, the case is remanded to the Commissioner for further consideration consistent with this Order, including discussion and a determination as to whether the record supports including in the RFC and hypothetical question some reference to Plaintiff's need for bathroom breaks and/or access.

s/Alan N. Bloch<br>
United States District Judge

ecf:         Counsel of record

---

[2]   As such, the record does not permit the Court to reverse and remand the case for an award of benefits. *See Podedworny v. Harris*, 745 F.2d 210, 221-22 (3d Cir. 1984).